UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____
_____

SUSAN BECKSTRAND,

        Plaintiff,   **COMPLAINT**

v.

        **JURY TRIAL DEMANDED**

WINGS FINANCIAL FEDERAL CREDIT UNION
f/k/a
NORTHWEST AIRLINES CREDIT UNION,
and
TRANS UNION LLC,

        Defendants.
_____

## INTRODUCTION

1. This action arises from Defendant's false reporting of Plaintiff's credit reports, failures to follow reasonable procedures, and failures to conduct reasonable investigations with respect to such information.

## JURISDICTION

2. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff "resides" in this district as that term is defined in 28 U.S.C. § 1391, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Susan Beckstrand (hereinafter "Plaintiff"), is a natural person residing in the County of Scott, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Wings Financial Federal Credit Union, formerly known as Northwest Airlines Employees Credit Union (hereinafter "Defendant Wings"), does business in Minnesota, and is a "furnisher" as that term is defined by 15 U.S.C. 1681s-2.

6. Defendant Trans Union (hereinafter "Defendant TransUnion"), is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL SUMMARY

7. On April 20, 2010 Defendant Wings caused a judgment to be entered against Plaintiff for $36,407.48 under the case file number 19HA-CV-08-3893.

8. The writ of execution was issued on January 27, 2012.

9. On March 30, 2012 Plaintiff and Defendant Wings entered a Settlement Agreement and Release (the "Release" herein).

10. The Release concerned case file number 19HA-CV-08-3893 and two additional accounts.

11. The Release identified these three (3) accounts as "all debts and liabilities [Defendant Wings] can claim against [Plaintiff]…."

12. The account numbers included in the Release are as follows:

    a. 464906000401****

    b. 51100006****

    c. 51100006****

13. The Release binds Defendant Wings:

    > to do all acts and things and to make, execute, acknowledge and deliver such written documents, instructions and/or instruments in such form as shall from time to time be reasonably required to carry out the terms and provisions of this Agreement, including but not limited to, the execution, filing or recording of any reporting documents, affidavits, deeds or agreements. The parties further agree to give reasonable cooperation and assistance to any other party or parties hereto in order to enable such other party or parties to secure the intended benefits of this Agreement.

14. The Release was signed and dated as follows:

    a. Defendant Wings' collection manager, Trysh Olson, signed the Release on April 4, 2012;

    b. Defendant Wings' attorney, Daniel Duffek, signed the Release on April 9, 2012;

    c. Plaintiff's attorney, Jonathan Drewes, signed the Release on April 12, 2012; and

    d. Plaintiff signed the Release on April 13, 2012.

15. Plaintiff fully satisfied the terms of the Release.

16. In a letter dated April 16, 2012 (the "April 16 Letter" herein), Defendant Wings' attorney, Mr. Daniel Duffek wrote to Plaintiff's attorney, Mr. Jonathan Drewes:

> We are in receipt of the original Settlement Agreement and settlement check in the above-referenced matter. Enclosed herein please find the original Release and Waiver signed by Wings Financial Credit Union. Please note that a fully satisfied Writ of Execution has been forwarded to the court for entry in Court File No. 19HA-CV-08-3893. I appreciate your assistance with this matter.

17. Accompanying the April 16 Letter was the Original Release and Waiver of All Claims.

18. The Release was signed by Defendant Wings' collection manager, Trysh Olson and dated April 4, 2012. The Release was notarized.

19. Accompanying the April 16 Letter was a notice sent to the court, dated April 16, 2012 which stated "[e]nclosed herein for filing is the wholly satisfied Writ of Execution. We will now be closing our file."

20. The Release provides for attorney's fees and costs incurred in "any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement. . . Any award of attorney's fees hereunder shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment. . . ."

21. On June 1, 2012, Plaintiff sent a dispute letter (the "June 1 Letter" herein) to Defendant TransUnion.

22. Plaintiff's June 1 Letter requested her credit report be updated to reflect that the accounts held by Defendant Wings had been satisfied. In relevant part, Plaintiff wrote:

> I formally request that the following inaccurate items be immediately investigated. They must be removed in order to show my true credit history, as these items should not be on my report. By the provisions of 15 USC 1681i of the Fair Credit Reporting (*sic*) act of 1970, I demand that these items be re-verified and deleted from my record.
>
> \*\*\*
>
> Wings Financial 51100006xxxx Provide me documentation that this is my account
>
> Wings Financial 4510xxxx Provide me documentation that this is my account
>
> Wings Financial Credit 464906000401 Provide me documentation that this is my account

23. These three (3) accounts are the same accounts acknowledged as wholly settled by Defendant Wings in the April 16 Letter.

24. Upon information and belief, Defendant TransUnion notified Defendant Wings of Plaintiff's disputes, or in the alternative Defendant TransUnion failed to notify Defendant Wings of Plaintiff's disputes.

25. Defendant TransUnion responded to Plaintiff's credit report dispute in a letter dated June 27, 2012 (the "June 27 Letter" herein). The June 27 Letter states:

> Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it

5

> was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.
>
> \*\*\*
>
> Northwest Airlines CU #51100006\*\*\*\* New Information Below
>
> Northwest Airlines CU #51100006\*\*\*\* Verified, No Change
>
> Northwest Airlines CU #51100006\*\*\*\* New Information Below

26. On or about June 27, 2012, Plaintiff discovered that Defendant TransUnion was reporting the account #51100006\*\*\*\* held by Defendant Wings with an adverse status and the indication "unpaid balance charged off."

27. On or about June 27, 2012, Plaintiff discovered that Defendant TransUnion was reporting a second account #51100006\*\*\*\* held by Defendant Wings with an adverse status and the indication "unpaid balance charged off."

28. On or about June 27, 2012, Plaintiff discovered that Defendant TransUnion was reporting the account #464906000401\*\*\*\* held by Defendant Wings with an adverse status and the indication "unpaid balance charged off."

29. Both Defendant TransUnion and Defendant Wings failed to correct the accounts being reported in response to Plaintiff's disputes and had incorrectly verified the accounts as being reported accurately.

30. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the false reporting on Plaintiff's credit report was not appropriately deleted or modified.

31. As a result of Defendants' respective actions and omissions, Plaintiff has suffered actual damages, including without limitation: credit denials, out-of-pocket expenses, detriment to her credit rating, emotional distress, and severe anxiety.

32. As a result of Defendant Wing's actions and omissions, Plaintiff has suffered emotional distress and severe anxiety in her dealings with Defendants.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) AND 1681i
### *DEFENDANT EXPERIAN*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of plaintiff's consumer reports.

36. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable

reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately modify information in Plaintiff's file.

37. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to Plaintiff's credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. § 1681n and 1681o.

38. Defendant Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. 1681S-2(b)
### *DEFENDANT WINGS*

39. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40. Defendant Wings willfully and/or negligently violated 15 U.S.C. 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of the Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

41. As a result of Defendant Wing's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages including without limitation: credit denials, out-of-pocket

expenses, detriment to Plaintiff's credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

42. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III
## BREACH OF CONTRACT
### *DEFENDANT WINGS*

44. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

45. The Release represents a valid, enforceable contract.

46. Plaintiff performed fully under the terms of the contract and under those terms was entitled to full performance by the Defendant Wings.

47. Defendant's failure to give reasonable cooperation and assistance to Plaintiff and Defendant TransUnion in order to enable Plaintiff to secure the intended benefits of the Release constitutes a breach of the Release.

48. Plaintiff has suffered damages as a result of this breach of contract.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and in Plaintiff's favor as follows:

- Plaintiff's actual damages;

- Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

- Reasonable Attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

- Statutory damages against Defendant pursuant to 12 U.S.C. § 2605(f);

- Reasonable attorney's fees and costs against Defendant pursuant to 12 U.S.C. § 2605(f);

- Such other and further relief as may be just and proper.

Respectfully submitted,

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  September 13, 2012

  s/ Mark L. Vavreck                       .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com